Borough of Dunmore, Appellant *v.* Dunmore Police Department and Dunmore Police Association, Appellees.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Lawrence A. Durkin, Tellie, Durkin, Weinberger, Murphy & Piazza, P.C.,* for appellant.

*Robert H. Sayers,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 2, 1983:

Dunmore Borough appeals a Lackawanna County Common Pleas Court order dismissing its appeal of an arbitrator's award. We affirm.

The Mayor of Dunmore instituted a new work schedule for the Police Department, prompting the Police Association to file an unfair labor practice charge with the Pennsylvania Labor Relations Board. The parties subsequently executed a stipulation-agreement providing for dismissal of the charge and for arbitration of the scheduling dispute. The arbitrator found that work scheduling had been the subject of previous collective bargaining agreements whose terms had been continued by an earlier arbitration award. The arbitrator held that the schedule, therefore, could not be changed without negotiation. Dunmore appealed to the common pleas court, arguing that the arbitrator erred in holding that work scheduling was the subject of the previous agreements and

was extended by the award. The court rejected this argument and affirmed.

Dunmore now raises the same contention and, following a thorough review of the record and law, we reject it and affirm on the opinion of Judge WALSH at    Pa. D. & C.3rd    (    ).[1]

Affirmed.

ORDER

The Lackawanna County Common Pleas Court order in 81 Civ. 414, dated March 17, 1982, is hereby affirmed.

---

[1] Dunmore also belatedly raised the contention that, "as indicated in [its] statement of facts," the award effectuating the scheduling terms of previous agreements had expired prior to the arbitration here concerned, thereby depriving the arbitrator of jurisdiction. However, Dunmore has not directed us to, and we have been unable to locate, any record evidence to support this contention and it is therefore rejected.